53. This Claim is brought pursuant to Section 15 of the Securities Act against FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor as control persons of the Columbia Funds Registrants. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the false, misleading, and incomplete information conveyed in the Registrants' Prospectuses, public filings, press releases and other publications are the collective actions of FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor.

54. The Columbia Funds Registrants are each liable under Section 11 of the Securities Act as set forth herein.

55. Each of FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor was a "control person" of Columbia Funds Registrants within the meaning of Section 15 of the Securities Act, by virtue of their position of operational control and/or authority over such funds -- FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor directly and indirectly, had the power and authority, and exercised the same, to cause Columbia Funds Registrants to engage in the wrongful conduct complained of herein. FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor issued, caused to be issued, and participated in the issuance of materially false and misleading statements in the Prospectuses.

56. Pursuant to Section 15 of the Securities Act, by reason of the foregoing, FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor are liable to plaintiff to the same extent as are each of the Registrants for their primary violations of Section 11 of the Securities Act.

57.     By virtue of the foregoing, plaintiff and other Class members are entitled to damages against FleetBoston, Columbia Management, Columbia Wanger, and Columbia Distributor.

## VIOLATIONS OF THE EXCHANGE ACT

### APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE MARKET DOCTRINE

58.     At all relevant times, the market for Columbia Funds was efficient for the following reasons, among others:

(a)     The Columbia Funds met the requirements for listing, and were listed and actively bought and sold through a highly efficient and automated market;

(b)     As regulated entities, periodic public reports concerning the Columbia Funds were regularly filed with the SEC;

(c)     Persons associated with the Columbia Funds regularly communicated with public investors *via* established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d)     The Columbia Funds were followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

59.     As a result of the foregoing, the market for the Columbia Funds promptly digested current information regarding Columbia Funds from all publicly available sources and reflected such information in the respective Columbia Funds' NAV. Investors who purchased or otherwise acquired shares or interests in the Columbia Funds relied on the integrity of the market

- 21 -

for such securities. Under these circumstances, all purchasers of the Columbia Funds during the Class Period suffered similar injury through their purchase or acquisition of Columbia Funds securities at distorted prices that did not reflect the risks and costs of the continuing course of conduct alleged herein, and a presumption of reliance applies.

## THIRD CLAIM

### Violation Of Section 10(b) Of The Exchange Act And Rule 10b-5 Promulgated Thereunder Against All Defendants

60. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

61. During the Class Period, each of the defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did deceive the investing public, including plaintiff and other Class members, as alleged herein and cause plaintiff and other members of the Class to purchase Columbia Funds shares or interests at distorted prices and to otherwise suffer damages. In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

62. Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Columbia Funds' securities, including plaintiff and other members of the Class, in an effort to enrich themselves through undisclosed manipulative trading tactics by which they wrongfully appropriated Columbia Funds' assets and otherwise distorted the pricing of their securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All defendants are sued as primary participants in the wrongful and illegal conduct and scheme charged herein.

63. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the Columbia Funds' operations, as specified herein.

64. These defendants employed devices, schemes and artifices to defraud and a course of conduct and scheme as alleged herein to unlawfully manipulate and profit from secretly timed trading and thereby engaged in transactions, practices and a course of business which operated as a fraud and deceit upon plaintiff and members of the Class.

65. The defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the truth.

66. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Columbia Funds securities were distorted during the Class Period such that they did not reflect the risks and costs of the continuing course of conduct alleged herein. In ignorance of these facts that market prices of the shares were distorted, and relying directly or indirectly on the false and misleading statements made by the Fund Defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, plaintiff and the other members of the Class acquired the shares or interests in the Columbia Funds during the Class Period at distorted prices and were damaged thereby.

67.     At the time of said misrepresentations and omissions, plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had plaintiff and other members of the Class and the marketplace known of the truth concerning the Columbia Funds' operations, which were not disclosed by defendants, plaintiff and other members of the Class would not have purchased or otherwise acquired their shares or, if they had acquired such shares or other interests during the Class Period, they would not have done so at the distorted prices which they paid.

68.     By virtue of the foregoing, defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

69.     As a direct and proximate result of defendants' wrongful conduct, plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Columbia Funds shares during the Class Period.

### FOURTH CLAIM

**Against FleetBoston (as a Control Person of Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants and the Columbia Funds), Columbia Management, Columbia Wanger, and Columbia Distributor (as Control Persons of Columbia Funds Registrants and Columbia Funds), Columbia Funds Registrants (as a Control Person of Columbia Funds)**
**For Violations of Section 20(a) of the Exchange Act**

70.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

71.     This Claim is brought pursuant to Section 20(a) of the Exchange Act against FleetBoston, as a control person of Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants and the Columbia Funds; Columbia Management, Columbia Wanger, and Columbia Distributor as control persons of Columbia Funds Registrants and the Columbia Funds; and Columbia Funds Registrants as a control person of the Columbia Funds.

72. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the materially false, misleading, and incomplete information conveyed in the Columbia Funds' public filings, press releases and other publications are the collective actions of FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds.

73. Each of FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds acted as controlling persons of the Columbia Funds within the meaning of Section 20(a) of the Exchange Act for the reasons alleged herein. By virtue of their operational and management control of the Columbia Funds' respective businesses and systematic involvement in the fraudulent scheme alleged herein, FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds each had the power to influence and control and did influence and control, directly or indirectly, the decision-making and actions of the Columbia Funds, including the content and dissemination of the various statements which plaintiff contends are false and misleading. FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds had the ability to prevent the issuance of the statements alleged to be false and misleading or cause such statements to be corrected.

74. In particular, each of FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds had direct and supervisory involvement in the operations of the Columbia Funds and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

75.  As set forth above, FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their positions as controlling persons, FleetBoston, Columbia Management, Columbia Wanger, Columbia Distributor, Columbia Funds Registrants, and Columbia Funds are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, plaintiff and other members of the Class suffered damages in connection with their purchases of Columbia Funds securities during the Class Period.

## VIOLATIONS OF THE INVESTMENT ADVISERS ACT

### FIFTH CLAIM

#### For Violations of Section 206 of The Investment Advisers Act of 1940 Against Columbia Management and Columbia Wanger [15 U.S.C. §80b-6 and 15 U.S.C. §80b-15]

76.  Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

77.  This Count is based upon Section 215 of the Investment Advisers Act, 15 U.S.C. §80b-15.

78.  Columbia Management and/or Columbia Wanger served as an "investment adviser" to plaintiff and other members of the Class pursuant to the Investment Advisers Act.

79.  As a fiduciary pursuant to the Investment Advisers Act, Columbia Management and Columbia Wanger were required to serve plaintiff and other members of the Class in a manner in accordance with the federal fiduciary standards set forth in Section 206 of the Investment Advisers Act, 15 U.S.C. §80b-6, governing the conduct of investment advisers.

80.  During the Class Period, Columbia Management and Columbia Wanger breached their fiduciary duties owed to plaintiff and the other members of the Class by engaging in a

deceptive contrivance, scheme, practice and course of conduct pursuant to which it knowingly and/or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud upon plaintiff and other members of the Class. As detailed above, Columbia Management and Columbia Wanger allowed the John Doe Defendants to secretly engage in timed trading of the Columbia Funds shares. The purposes and effect of said scheme, practice and course of conduct was to enrich Columbia Management and Columbia Wanger, among other defendants, at the expense of plaintiff and other members of the Class.

81.     Columbia Management and Columbia Wanger breached their fiduciary duties owed to plaintiff and other Class members by engaging in the aforesaid transactions, practices and courses of business knowingly or recklessly so as to constitute a deceit and fraud upon plaintiff and the Class members.

82.     Columbia Management and Columbia Wanger are liable as direct participants in the wrongs complained of herein. Columbia Management and Columbia Wanger, because of their position of authority and control over the Columbia Funds were able to and did: (1) control the content of the Prospectuses; and (2) control the operations of the Columbia Funds.

83.     Columbia Management and Columbia Wanger had a duty to (1) disseminate accurate and truthful information with respect to the Columbia Funds; and (2) truthfully and uniformly act in accordance with its stated policies and fiduciary responsibilities to plaintiff and members of the Class. Columbia Management and Columbia Wanger participated in the wrongdoing complained of herein in order to prevent plaintiff and other members of the Class from knowing of Columbia Management's and Columbia Wanger's breaches of fiduciary duties including: (1) increasing its profitability at plaintiff's and other members of the Class' expense by allowing the John Doe Defendants to secretly time their trading of the Columbia Funds

shares; and (2) placing its interests ahead of the interests of plaintiff and other members of the Class.

84. As a result of Columbia Management's and Columbia Wanger's multiple breaches of its fiduciary duties owed plaintiff and other members of the Class, plaintiff and other Class members were damaged.

85. Plaintiff and other Class members are entitled to rescind their investment advisory contracts with Columbia Management and Columbia Wanger and recover all fees paid in connection with their enrollment pursuant to such agreements.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and appointing plaintiff as Lead Plaintiff and his counsel as Lead Counsel for the Class and certifying him as a Class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) awarding plaintiff and the Class rescission of their contract with Columbia Management and Columbia Wanger, and recovery of all fees paid to Columbia Management and Columbia Wanger pursuant to such agreement;

(d) Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(e) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:    March 1, 2004

                                           **MOULTON & GANS, P.C.**

By: *Nancy Freeman Gans* (auth)
Nancy Freeman Gans, BBO #184540
33 Broad Street, Suite 1100
Boston, MA 02109-4216
Telephone: (617) 369-7979

**MILBERG WEISS BERSHAD
HYNES & LERACH LLP**
Melvyn I. Weiss
Steven G. Schulman
Peter E. Seidman
Sharon M. Lee
One Pennsylvania Plaza
New York, NY 10119-0165
Tel: (212)594-5300
Fax: (212) 868-1229

**LAW OFFICES OF CURTIS V. TRINKO, LLP**
Curtis V. Trinko
16 West 46th Street, 7th Floor
New York, NY 10036
(212) 490-9550

**Attorneys for Plaintiff**

- 29 -

## CERTIFICATION OF NAMED PLAINTIFFS
## PURSUANT TO FEDERAL SECURITIES LAWS

I, STEPHEN B. EHRLICH, as Custodian For CORY RYAN EHRLICH UTMA/FLORIDA, hereby certify as follows:

1. I have reviewed the complaint filed in the action entitled <u>Catherine Dukes vs. Columbia Acorn Fund, et al.</u>, pending in the United States District Court for the District of Massachusetts, concerning the Columbia family of Mutual Funds, brought under the federal securities laws, and have authorized the filing of such an action on my behalf and/or my inclusion in an amended complaint in this action.

2. Plaintiff did not purchase, or otherwise acquire, the securities of the Columbia Funds that are the subject of this action, at the direction of plaintiff's counsel, or in order to participate in any private action arising under the federal securities laws.

3. I am willing to serve as a representative party on behalf of the class, and will provide testimony at a deposition and/or at trial, if necessary.

4. Plaintiff's transactions in the securities that are the subject of this litigation during the class period set forth in the complaint are, as follows:

   a). Plaintiff purchased 142.993 shares in the Columbia Newport Greater China Fund - Class A mutual fund on October 30, 2003 at $ 20.97167 per share;

   b). Plaintiff still holds the aforesaid shares.

   c). Plaintiff participates in the Dividend Reinvestment Program, and received 0.83 shares of the Columbia Newport Greater China Fund- Class A mutual fund on December 8, 2003 valued at $ 19.53068 per share.

5. During the three years prior to the date hereof, plaintiff has not filed an action in which he has sought to serve, or has served, as a representative party for a class in any action filed under the federal securities laws, except:

a). <u>INVESCO Funds Securities Litigation</u>, Civil Docket No. 03 CV 2182 (MSK), pending in the U.S. District Court, District of Colorado; and

b). <u>In re JP Morgan Chase Securities Litigation</u>, Civil Action No. 02 Civ. 1282 (SHS), pending in the U.S. District Court, Southern District of New York.

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery, or as ordered or approved by the Court, including the award to a representative of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this 24th day of February, 2004 at Canton, Georgia.

_____
STEPHEN B. EHRLICH